The Honorable Ralph "Buddy" Blair, Jr. State Representative 5220 Highland Drive Fort Smith, Arkansas 72903
Dear Representative Blair:
This is in response to your request for an opinion concerning a question raised by the county coroner. The question involves A.C.A. 12-12-315, which provides A pertinent part as follows:
 (a) The coroner of the county and the chief law enforcement official of the county or municipality in which death occurs and the State Crime Laboratory shall be promptly notified by the physician in attendance, by any law enforcement officer having knowledge of the death, by the undertaker or embalmer, by the jailer if death occurs in a jail, prison, or penal farm, by the coroner, or by any person present or with knowledge of the death upon the death of any person:
 (1) From violence, whether apparently homicidal, suicidal, accidental, or industrial including, but not limited to, death due to suspected or actual child abuse, thermal, chemical, electrical, or radiation injury, and death due to criminal abortion whether apparently self-induced or not;
 (2) When death occurs in a jail, prison, or penal farm or when the deceased is in the care, custody, or control of such a correctional institution;
 (3) When death occurs suddenly when the deceased was in apparent good health;
 (4) When death occurs under any suspicious or unusual circumstances.
The question presented is whether the coroner, chief law enforcement official of the county, and the State Crime Laboratory are to be notified when 1) a "death results from a terminal illness"; 2) "where there is an illness that could result in death, therefore explainable"; and 3) "where a person is under the medical care of a physician".
It should be noted initially that the question presented is essentially one of fact. That is, the question of whether the three instances set out by the coroner are to be reported as coming within the enumerated circumstances listed in A.C.A.12-12-315 is a factual one. These types of questions are to be resolved initially by the person charged with the duty to report the death. That person must use his discretion and judgment in deciding whether the death is one which is reportable under A.C.A.12-12-315.
We will note, however, that if a death occurs as a result of "terminal illness", it seems clear that it need not be reported under A.C.A. 12-12-315. One does not ordinarily think of this type of death as being one occurring under "suspicious or unusual circumstances". Neither is it usually a death which "occurs suddenly when the deceased is in apparent good health". With respect to the other situations posed by the coroner, the reporting officers will simply have to use their judgment and decide whether the deaths fit the categories listed in the statute. These questions will turn on the particular facts surrounding each death, and thus cannot be answered in the abstract by this office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.